OPINION OF THE COURT
Con. G. Cholakis, J.
Petitioner, a 27-year member of the Troy Police Department, was placed on an involuntary leave of absence without pay by respondent George W. O’Connor. The basis for this action is, as stated by Commissioner O’Connor, that he believed petitioner’s “continued presence on the job represents a potential danger to persons and a severe interference with operations” (letter dated Sept. 25,1984). Commissioner O’Connor alleges that he has the power to place Sergeant Pastore on an involuntary leave of absence without pay pursuant to the authority granted him by subdivision 5 of section 72 of the Civil Service Law.
Petitioner brings a CPLR article 78 proceeding seeking to rescind the Commissioner’s letter of September 25, 1984. He alleges that the Commissioner lacks the power to act under section 72 of the Civil Service Law because of the following:
(1) he (Sergeant Pastore) has unlimited sick leave under the employment contract with the respondent City of Troy; and
(2) he is already on sick leave pursuant to the provisions of the employment contract, therefore, the Civil Service Law does not apply.
*114 Pursuant to the employment contract mentioned above, Sergeant Pastore’s sick leave is governed by section A of article XV which reads as follows: “All members of the Bureau shall be allowed time-off for illness without limitation.” (Emphasis supplied.)
Without attempting to exhaustively treat the meaning of the words “without limitation” and recognizing that section 73 of the Civil Service Law might place a one-year cap on the limit of such leave, it is clear that Sergeant Pastore is entitled to the benefits of the employment contract. Therefore, at the time of Commissioner O’Connor’s letter, the sergeant was entitled to unlimited sick leave. This fact does not preclude the application of section 72.
Section 72 of the Civil Service Law provides the mechanics by which an employee can be placed on an involuntary leave of absence when his appointing authority believes that he cannot perform his duties because of a non-job-related injury or disease. An elaborate procedure is set forth before the employee can be forced onto a leave of absence. In any event, once the employee is placed on a leave of absence, he is “entitled to draw all accumulated, unused sick leave, vacation, overtime and other time allowances standing to his * * * credit” (Civil Service Law, § 72, subd 1). The procedure to thus impose involuntary leaves of absence is necessarily time consuming and can, in any given case, take one or more months before it has been completed and the employee is actually off the job.
The law recognizes that, in some instances, the appointing authority should not have to wait this extended period of time before an employee is taken off the job. Subdivision 5 of section 72, which became effective on July 20, 1983, provides that an employee can be immediately placed on an involuntary leave of absence if the appointing authority has “probable cause to believe that the continued presence of the employee on the job represents a potential danger to persons or property or would severely interfere with operations”. It is this subdivision under which Commissioner O’Connor has acted.
While the law allows the Commissioner to act immediately in a proper case, it does not give him the right to suspend the employee’s pay. Under subdivision 5, the employee is still “entitled to draw all accumulated unused sick leave” and other benefits and he is further entitled to all the procedural safeguards contained in subdivision 1. The only difference is that, because of unusual conditions allegedly existing, he can be taken off the job immediately instead of waiting until the *115 hearing has been completed. If, after the procedure set forth in subdivision 1 has been completed, it is found that the appointing authority was in error, the employee shall be returned to service and all lost leave credits or salary restored.
In this court’s judgment, there is nothing in section 72 of the Civil Service Law that adversely affects petitioner’s contract right to unlimited sick leave.
At the time of Commissioner O’Connor’s letter, Sergeant Pastore was already off the job, having voluntarily placed himself on sick leave. As earlier stated, petitioner now alleges that section 72 is inapplicable because he is not physically on the job.
There is nothing in the employment contract, of which the court is aware or which has been pointed out by counsel, which would preclude the application of section 72 when a member is on self-claimed sick leave. The appropriate portions of section 72 are of relatively recent enactment and the court has found no decisions on the issue. However, the section cannot, in this court’s judgment, be so narrowly read as to preclude Commissioner O’Connor’s proposed actions.
The application for an order rescinding Commissioner O’Con-nor’s proposed actions is denied, however, Sergeant Pastore is entitled to the benefits of the employment contract enumerated above which have not been exhausted.