■ In the Matter of JOSEPH BREEN, Respondent, v DAVID L. GUNN, as President of the New York City Transit Authority, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority dated November 1, 1985, which placed the petitioner on an involuntary leave of absence pursuant to Civil Service Law § 72, David Gunn, President of the New York City Transit Authority, appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Rader, J.), dated September 8, 1986, as granted those branches of the petition which were to annul the placement of the petitioner on involuntary leave of absence and direct his reinstatement with back pay and other employment benefits.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The petitioner, an assistant civil engineer with the New York City Transit Authority, was placed on an involuntary leave of absence pursuant to Civil Service Law § 72. The Supreme Court annulled the involuntary leave and directed the petitioner's reinstatement on the ground that the Transit Authority failed to comply with the mandates of Civil Service Law § 72. We agree. Civil Service Law § 72, as amended in 1983 (L 1983, ch 561), sets forth the procedures for placing a civil service employee on involuntary leave of absence by reason of physical or mental disability. Because of the significant due process implications of the statute, strict compliance with its procedures is required.

The record does not support the appellant's reliance on the emergency exception of Civil Service Law § 72 (5). Subdivision (5) allows an employee to be placed on an involuntary leave prior to the rendering of a final determination where there is probable cause to believe that the employee's continued presence on the job "represents a potential danger to persons or property or would severely interfere with operations". Here, however, the respondent has not demonstrated the existence of an emergency situation justifying its failure to comply with the procedures contained in Civil Service Law § 72 (1).

Finally, under the circumstances, we find that the Supreme Court was not required to reduce the petitioner's back pay award by any offsets, since only Civil Service Law § 72 (5) contains an offset provision. Brown, J. P., Rubin, Eiber and Sullivan, JJ., concur.