■ In the Matter of SERGE OBAS, Respondent, v ROBERT KILEY, as Chairman of the New York City Transit Authority, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the appellants to reinstate the petitioner to his position as a carpenter, the appeal is from a judgment of the Supreme Court, Kings County (De Matteo, J.H.O.), dated October 5, 1987, which reinstated the petitioner as a permanent employee and awarded him lost wages, compensatory damages and attorney's fees.

Ordered that the judgment is modified, on the law, by deleting from the first decretal paragraph thereof the words "and shall recognize that he successfully completed his one year probationary period for said position as of July 7, 1986" and by deleting the fifth decretal paragraph thereof awarding him attorney's fees, and substituting therefor a provision dismissing his claim for attorney's fees; as so modified, the judgment is affirmed, with costs to the petitioner.

While the doctrine of exhaustion of administrative remedies recognizes that one must first exhaust all administrative channels before looking to the courts for relief (see, Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52; Matter of Dozier v New York City, 130 AD2d 128), the exhaustion rule is not an inflexible one (see, Watergate II Apts. v Buffalo Sewer Auth., supra). In the instant case, inasmuch as the petitioner's failure to utilize the appeal procedure of the New York State Civil Service Commission (see, Civil Service Law § 72) was occasioned by the appellants' failure to inform him of his procedural rights thereunder, we conclude that the petitioner's failure to exhaust all available administrative remedies does not warrant dismissal of the instant proceeding (cf., Matter of Beyah v Scully, 143 AD2d 903).

In addition, we agree with the Supreme Court that the appellants discharged the petitioner because of a physical disability in violation of the Human Rights Law (see, Executive Law § 296). The Human Rights Law prohibits employers from discriminating against employees or job applicants because of a disability (see, Executive Law § 296). In 1979 the Legislature amended the Human Rights Law to define disability as one which does "not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought" (Executive Law § 292 [21]). In recognition of this "individualized standard" the Court of Appeals has held that "[t]he statute bars discrimination against an impaired individual who is reasonably able to do what the position requires. Unless it is shown that the employee's physical condition precludes him from performing to that extent, the disability is irrelevant to the job and can form no basis for denying him the position" (see, Matter of Miller v Ravitch, 60 NY2d 527, 532). The court has further held that "[e]mployment may not be denied based on speculation and mere possibilities, especially when such determination is premised solely on the facts of an applicant's inclusion in a class of persons with a particular disability rather than upon an individualized assessment of the specific individual" (Mat-

*ter of State Div. of Human Rights [Granelle],* 70 NY2d 100, 107). A review of the hearing testimony in the instant case indicates that the appellants failed to demonstrate that the petitioner's vision impairment rendered him incapable of performing in a reasonable manner the activities involved in the position which he held *(see,* Executive Law § 292 [21]; *Matter of State Div. of Human Rights [Granelle], supra,* at 106). Accordingly, the Supreme Court properly found that the petitioner was discharged unlawfully.

However, we disagree with the Supreme Court's determination that the petitioner should be granted permanent employee status, since, at the time of his discharge, he had completed only eight months of his one-year probationary period *(see, Matter of Green v Commissioner of Envtl. Conservation of State of N. Y.,* 105 AD2d 1037, *appeals dismissed* 64 NY2d 884). Accordingly, we find that the petitioner is entitled to reinstatement to the probationary title he held at the time of his discharge.

We also disagree that attorney's fees should be awarded in this case. The law is settled that a civil litigant may not recover attorney's fees in the absence of contractual or statutory authority *(see, City of Buffalo v Clement Co.,* 28 NY2d 241, 262-263; *Rahabi v Morrison,* 81 AD2d 434). Since there is no authority for granting attorney's fees in this case, the award was improper. Mangano, J. P., Lawrence, Eiber and Spatt, JJ., concur.