■ In the Matter of MICHAEL LAMB, Respondent, v NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Appellants.—Kane, J. P. Appeal from a judgment of the Supreme Court (McDermott, J.), entered December 27, 1988 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of

respondent State Office of Mental Health, *inter alia,* denying petitioner's request for restoration of lost wages and leave credits.

Petitioner herein was a psychologist employed by respondent State Office of Mental Health (hereinafter OMH) at the OMH Health Satellite Unit at Auburn Correctional Facility in Cayuga County. Sometime during 1985, petitioner began exhibiting unusual behavior, leading an OMH personnel office employee to request a psychiatric examination of petitioner in August 1985. In September 1985, based on subsequent examinations, petitioner was placed on a leave of absence which he agreed to designate as a voluntary sick leave. After further testing, it was determined that petitioner was incapable of returning to work and after objecting to a further leave of absence, petitioner was placed on an involuntary leave in November 1985, pursuant to Civil Service Law § 72. Petitioner then requested a hearing which, although eventually scheduled for April 29, 1986, was never held. After a follow-up psychiatric evaluation on April 23, 1986, petitioner's condition was found to have improved to where he was capable of resuming his employment. Petitioner returned to work on May 12, 1986 and was paid retroactively to April 24, 1986. Petitioner thereafter sought restoration of leave credits and wages lost during his leave of absence. OMH refused the request on the ground that there was no final determination that petitioner was erroneously placed on leave. Petitioner then commenced this CPLR article 78 proceeding after which Supreme Court ordered the restoration of petitioner's leave credits and lost wages. Respondents now appeal.

Petitioner contends that he was entitled to leave credits and lost salary on the ground that, by allowing him to return to work, OMH "finally determined" his fitness therefor pursuant to Civil Service Law § 72 (5). We disagree. The statute allows the appointing authority to immediately place an employee on an involuntary leave of absence where probable cause exists "to believe that the continued presence of the employee on the job represents a potential danger * * * or would severely interfere with operations" (Civil Service Law § 72 [5]). The employee is entitled to have leave credits and salary restored "[i]f such an employee is finally determined not to be physically or mentally unfit to perform the duties of his or her position" (Civil Service Law § 72 [5]). Put another way, in the event "it is found that the appointing authority was in error, the employee shall be returned to service and all lost leave credits or salary restored" *(Matter of Pastore v City of Troy,*

126 Misc 2d 113, 115). Here, petitioner was allowed to return to work because of an improvement of his condition and not because it was "finally determined" that he was fit to perform his duties. In our view, the final determination envisioned in Civil Service Law § 72 (5) pertains to the propriety of the emergency leave of absence which, in this case, requires a hearing (see, Civil Service Law § 72 [5]). Accordingly, Supreme Court erred in granting the relief requested. If it is "finally determined" that petitioner was not unfit to perform his duties at the time he was placed on leave of absence, he would then be entitled to the restoration relief provided for by Civil Service Law § 72 (5).

Judgment reversed, on the law, without costs, and matter remitted to respondent State Office of Mental Health for further proceedings not inconsistent with this court's decision. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.