In the Matter of GERARD PETIX, Appellant, v NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Respondents. [737 NYS2d 183] —Appeal from a judgment of Supreme Court, Monroe County (Bergin, J.), entered November 2, 2000, which dismissed the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner, a senior physical therapist for respondent Rochester Psychiatric Center (RPC), was placed on an immediate involuntary leave of absence on October 13, 1999, pursuant to Civil Service Law § 72 (5). Petitioner objected to the involuntary leave of absence and requested a hearing pursuant to Civil Service Law § 72 (1). After a two-day hearing, the RPC adopted the recommendations of the Hearing Officer and determined that petitioner was physically or mentally unfit to perform the duties of his position on October 13, 1999. The RPC further determined that petitioner was physically and mentally able to return to work in late February 2000, and restored to his time and accrual record all holiday, vacation, and sick leave credits used by him from that time until he was allowed to return to work in April 2000. Petitioner commenced this CPLR article 78 proceeding seeking to compel respondents to restore the sick leave credits he used while on the involuntary leave of absence from October 13, 1999 until late February 2000.

Supreme Court properly dismissed the petition. Civil Service Law § 72 (5) provides that, if "an employee is finally determined not to be physically or mentally unfit to perform the duties of his or her position, he or she shall be restored to his or her position and shall have any leave credits or salary that he or she may have lost because of such involuntary leave of absence restored to him or her." We reject petitioner's interpretation of that provision, i.e., that petitioner is entitled to restoration of the sick leave credits that he used during the entire period of the involuntary leave of absence because RPC "finally determined" that he was fit to return to work in late February 2000. "Here, petitioner was allowed to return to work because of an improvement of his condition [in late February 2000] and not because it was 'finally determined' that he was fit to perform his duties" from October 1999 to late February 2000 (*Matter of Lamb v New York State Off. of Mental Health,* 162 AD2d 758, 760). Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Burns, JJ.