OPINION OF THE COURT
James B. Canfield, J.
Petitioner seeks a declaration that respondents violated Civil Service Law § 72 by failing to hold a Civil Service Law § 72 (1) hearing, failing to provide petitioner with “written notice and explanations” and providing allegedly “inaccurate and misleading writings” to petitioner. Notwithstanding the absence of an administrative determination that her Civil Service Law § 72 (5) removal was improper or an application to return to work *196 pursuant to Civil Service Law § 72 (2), petitioner also seeks an order reinstating her to the payroll, restoring all of her back pay, accruals and other benefits lost during the period of her involuntary leave of absence. Respondents move to dismiss petitioner’s CPLR article 78 proceeding because of her alleged failure to exhaust administrative remedies or state a cause of action and urge that petitioner would not be entitled to reinstatement or restoration of back pay, etc., in any event.
Petitioner was involuntarily removed from her workplace pursuant to Civil Service Law § 72 (5) due to her alleged increasingly disruptive behavior and resistance to continuous counseling and discipline, and the severe negative impact of her behavior on the office’s operation. In a letter dated May 8, 2001, petitioner’s employer notified her of the fact that she was being placed on leave effective May 3, 2001, the reasons for the action, and provided her with a copy of Civil Service Law § 72. The specific disruptive behavior set forth in the letter included an outburst in front of petitioner’s building which consisted of “screaming, using foul language and waving [her] arms frantically.” In the office, petitioner allegedly used “foul language and [cried]” and later informed her supervisor that she had “a lot of pills at home and * * * [was] going to take them and kill [her] self.”
The employer’s Civil Service Law § 72 (1) notice letter to petitioner was sent May 8, 2001. Civil Service Law § 72 (1) provides that after receiving notice that in the employer’s opinion the employee is unable to perform his or her duties and should be removed, the employee has 10 working days in which to object and to request a hearing. Respondents’ motion to dismiss is first predicated on petitioner’s failure to request such hearing within the 10-working day period.
Civil Service Law § 72 (1) sets forth the following requirements for such notice letters: “An employee placed on leave of absence pursuant to this section shall be given a written statement of the reasons therefor. Such notice shall contain the reason for the proposed leave and the proposed date on which such leave is to commence, shall be made in writing and served in person or by first class, registered or certified mail, return receipt requested, upon the employee. Such notice shall also inform the employee of his or her rights under this procedure.” Comparison of the May 8, 2001 letter to petitioner and attachments with the statutory requirements reflects that the notice appears to track the statutory notice requirements perfectly.
Petitioner does not deny that she received the May 8, 2001 letter more than 10 working days before requesting a hearing. *197 Instead and notwithstanding the fact that her claims for relief rest on respondents’ alleged violations of Civil Service Law § 72 (1), petitioner first opposes dismissal with the extraordinary assertion that Civil Service Law § 72 (l)’s 10-day notice and hearing requirements do not apply to her because she “has been placed on immediate leave pursuant to [Civil Service Law] § 72 (5)” and subdivision (5) imposes no such 10-day requirement. Petitioner goes so far as to declare that “Section 72 contains no requirement, nor even permission, that an employee make a request for a hearing within ten days of a notice that she has been placed on immediate leave pursuant to § 72 (5).” (Emphasis added.) Petitioner’s argument is both incorrect and proves too much. As Civil Service Law § 72 (5) does not mention “hearings,” if petitioner’s singular interpretation is accepted, it eliminates her claim by eliminating the very hearing she claims to have been entitled to. Civil Service Law § 72 (1) specifically makes its provisions of notice and hearing applicable to every “employee placed on leave of absence pursuant to this section” (emphasis added), which includes Civil Service Law § 72 (5) and does not limit hearings to just subdivision (1) of Civil Service Law § 72. As a result, it makes no difference whether petitioner was immediately put on leave or placed on leave after being put on notice of the charges; her administrative remedy was to demand a hearing pursuant to Civil Service Law § 72 (1) within the prescribed 10-working day period (Matter of Petix v New York State Off. of Mental Health, 291 AD2d 846; Matter of Lamb v New York State Off. of Mental Health, 162 AD2d 758, 759).
Petitioner also attempts to reverse her first argument by claiming that the 10-working day period never commenced running because she was immediately removed pursuant to Civil Service Law § 72 (5) and the May 8, 2001 letter therefore does not meet the statutory requirements set forth in Civil Service Law § 72 (1). Petitioner opines that because the notice and hearing provisions are set forth within subdivision (1) of Civil Service Law § 72, then the statutory “context” requires that the employer’s notice must meet all of the other procedural requirements of Civil Service Law § 72 (1) in order to meet the notice requirements. Specifically, petitioner urges that such notice “must be provided in conjunction with the employer’s notice to the employee of a proposed leave, pursuant to Civil Service Law § 72 (1), based on a medical determination of unfitness.” Petitioner argues in effect that the notice must be given before the employee is placed on leave and after a medi *198 cal determination is rendered. As it is impossible to remove employees immediately pursuant to Civil Service Law § 72 (5) and to comply with petitioner’s proposed requirements, petitioner argues that the 10-working day period never commenced. Actually, the impossibility of meeting petitioner’s extra requirements argues for rejecting petitioner’s argument for grafting impossible requirements onto the notice.
Petitioner next reverses her second argument and argues that the May 8, 2001 letter fails to meet the notice requirements because it only refers to Civil Service Law § 72 (5) and only attached a copy of Civil Service Law § 72. Given petitioner’s deceptive arguments, it is ironic that she now claims that there is anything “misleading” about the May 8, 2001 letter. Certainly there was nothing misleading about the letter’s failure to inform petitioner about “a proposed leave pursuant to § 72 (1)”; petitioner was placed on immediate leave pursuant to Civil Service Law § 72 (5). The court finds that attaching a copy of the entire Civil Service Law § 72 sufficed to meet the statutory requirement that “Such notice shall also inform the employee of his or her rights under this procedure.” (Civil Service Law § 72 [1].) As petitioner was not being notified of a “proposed leave,” respondents’ failure to refer to Civil Service Law § 72 (1) or “a proposed leave” pursuant to that subdivision is neither inaccurate nor misleading.
In a June 27, 2001 letter to respondent, petitioner complained that she had not yet been scheduled for evaluation by the Employees’ Health Service and demanded a hearing. Civil Service Law § 72 (1) provides in pertinent part that “An employee shall be allowed ten working days from service of the notice to object to the imposition of the proposed leave of absence and to request a hearing.” For the purposes of respondents’ motion, the letter must be treated as a hearing demand; however, respondents are correct in asserting that the request came more than 10 working days after the petitioner received the May 8, 2001 letter and is therefore too late to activate the hearing process set forth in Civil Service Law § 72 (1). Thus, petitioner has failed to exhaust her administrative remedies for challenging her initial removal. Petitioner does not allege that she has resorted to the administrative remedies presented by Civil Service Law § 72 (2) or (3). Accordingly, the court finds that the petitioner has failed to exhaust her administrative remedies.
As regards the respondents’ argument that in the absence of a hearing petitioner could not be entitled to reinstatement and *199 return of her benefits, the court must agree. Civil Service Law § 72 (5) does not penalize employers for failing to provide hearings by requiring reinstatement and return of credits and benefits. The statute provides that, if “an employee is finally determined not to be physically or mentally unfit to perform the duties of his or her position, he or she shall be restored to his or her position and shall have any leave credits or salary that he or she may have lost because of such involuntary leave of absence restored to him or her.” Until there is a hearing into whether the petitioner’s removal was proper, there can be no “final determination” of the propriety of the initial determination to immediately remove the petitioner, much less a final determination in petitioner’s favor. Thus, the case law clearly establishes that petitioner is not entitled to reinstatement and return of the credits and benefits pursuant to Civil Service Law § 72 (5) (Matter of Petix v New York State Off. of Mental Health, 291 AD2d 846; Matter of Lamb v New York State Off. of Mental Health, 162 AD2d 758, 760).
Accordingly, the petition is dismissed and the relief requested therein is in all respects denied.