▮ In the Matter of CHERYL INGRAM, Appellant, v NASSAU COUNTY et al., Respondents. [927 NYS2d 106]—

In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondents to restore the petitioner's back pay and leave credits following her reinstatement to her position after an involuntary leave of absence, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Sher, J.), entered April 9, 2010, which denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the petitioner's claim for back pay and leave credits, and substituting therefor a provision remitting the matter to the respondent Nassau County Police Department for a hearing in accordance herewith; as so modified, the judgment is affirmed, without costs or disbursements.

The petitioner is employed by the respondent Nassau County Police Department (hereinafter NCPD) as a public safety officer. In March 2008, the petitioner exhibited unusual behavior, including a violent and irrational outburst against her supervisor and a coworker while on duty. On March 25, 2008, following a medical examination by an NCPD police surgeon, the petitioner was placed on an immediate involuntary leave of absence pursuant to Civil Service Law § 72 (5).

In May 2008, NCPD initiated the process of placing the petitioner on indefinite involuntary leave under Civil Service Law § 72 (1) by notifying her by letter that it had concluded she was unfit for duty and that she was required to undergo a medical examination pursuant to Civil Service Law § 72. The letter included the reasons for NCPD's conclusion and further notified her that if the medical officer certified that she was unfit for duty and the proposed leave were imposed, she would have a right to object and request a hearing. No further steps were taken with respect to her proposed leave under Civil Service Law § 72 (1). On September 9, 2008, NCPD determined that the petitioner was fit to return to duty and reinstated her to her position.

The petitioner commenced this CPLR article 78 proceeding seeking, inter alia, the restoration of back pay and benefits lost as a result of her involuntary leave, and damages under 42 USC § 1983 based on alleged deprivation of her constitutional rights without due process. The Supreme Court denied the relief sought in the petition, and dismissed the proceeding in its entirety, concluding that the petitioner had failed to exhaust her remedies under the Civil Service Law and her collective bargain-

ing agreement (hereinafter CBA), and had suffered no due process deprivation inasmuch as she had been notified of her statutory right to a hearing and the availability of grievance procedures, which she declined to pursue. The petitioner appeals, and we modify.

Contrary to the petitioner's contention, she is not entitled to all back pay and leave credits she used during her leave because she was ultimately determined fit for duty and reinstated. Rather, she is entitled to restoration of such pay and benefits only for the period of her leave during which she was not deemed unfit to perform her duties (*see* Civil Service Law § 72 [1], [5]; *Matter of Smith v New York State Dept. of Labor*, 306 AD2d 745 [2003]; *Matter of Petix v New York State Off. of Mental Health*, 291 AD2d 846 [2002]; *Matter of Lamb v New York State Off. of Mental Health*, 162 AD2d 758, 759-760 [1990]). The final determination of the propriety of the emergency leave of absence requires an administrative hearing, and is not properly determined by the Supreme Court (*see Matter of Smith v New York State Dept. of Labor*, 306 AD2d at 746; *Matter of Lamb v New York State Off. of Mental Health*, 162 AD2d at 760).

The Supreme Court erred in finding that the petitioner waived her right to such a hearing by failing to make a timely request. Ordinarily, a petitioner who fails to pursue available administrative remedies waives her right to judicial review in a CPLR article 78 proceeding (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *Matter of Pitts v City of N.Y. Off. of Comptroller*, 76 AD3d 633, 634 [2010]). However, NCPD only advised the petitioner of her right to a hearing in the event she was found unfit for duty after a medical examination. Since NCPD did not make a final determination as to whether the petitioner was unfit for duty, the petitioner did not forfeit her right to a hearing by failing to assert it (*cf. Matter of Obas v Kiley*, 149 AD2d 422, 423 [1989]).

It was also error to dismiss the petition for failure to pursue contractual remedies under the CBA. The petitioner's claim does not concern a grievance within the meaning of the CBA. Furthermore, the CBA specifically excludes from its coverage "any matters which are reviewable under administrative procedures established by law," and consequently does not apply to the petitioner's Civil Service Law § 72 claim, given the hearing procedure set forth by the statute.

We note that the petitioner's cause of action seeking damages for alleged violations of her constitutional rights was not properly before the court in the context of this CPLR article 78 proceeding inasmuch as it is not incidental to the primary relief

sought (*see* CPLR 7806; *D.B.C.G., Inc. v Town of Ramapo*, 97 AD2d 533 [1983]). Although we are empowered to convert this claim into a plenary action (*see* CPLR 103 [c]; *Matter of Cromwell Towers Redevelopment Co. v City of Yonkers*, 41 NY2d 1 [1976]), we decline to do so, as it is without merit (*see Monell v New York City Dept. of Social Servs.*, 436 US 658, 694 [1978]; *Will v Michigan Dept. of State Police*, 491 US 58, 70-71 [1989]; *Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d 700, 703 [2010]).

The petitioner's remaining contentions are without merit. Mastro, J.P., Belen, Sgroi and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30878(U).]**