# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**544**

**TP 14-01088**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF JOHN WILLIAMS, PETITIONER,

                    V                          MEMORANDUM AND ORDER

PETER TROIANO, COMMISSIONER, DEPARTMENT OF
PERSONNEL, ONONDAGA COUNTY, STEPHANIE A. MINER,
MAYOR, CITY OF SYRACUSE, AND PAUL LINNERTZ, FIRE
CHIEF, DEPARTMENT OF FIRE, CITY OF SYRACUSE,
RESPONDENTS.

---

BLITMAN & KING LLP, SYRACUSE (NATHANIEL G. LAMBRIGHT OF COUNSEL), FOR
PETITIONER.

ROBERT P. STAMEY, CORPORATION COUNSEL, SYRACUSE (JAMES MCGINTY OF
COUNSEL), FOR RESPONDENTS STEPHANIE A. MINER, MAYOR, CITY OF SYRACUSE
AND PAUL LINNERTZ, FIRE CHIEF, DEPARTMENT OF FIRE, CITY OF SYRACUSE.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (THOMAS H. KUTZER OF
COUNSEL), FOR RESPONDENT PETER TROIANO, COMMISSIONER, DEPARTMENT OF
PERSONNEL, ONONDAGA COUNTY

---

    Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Onondaga County [Walter W.
Hafner, Jr., A.J.], entered June 4, 2014) to review a determination of
respondent Peter Troiano, Commissioner, Department of Personnel,
Onondaga County.  The determination, among other things, affirmed the
decision to place petitioner on involuntary leave.

    It is hereby ORDERED that the determination so appealed from is
unanimously modified on the law and the petition is granted in part by
awarding petitioner back pay and reinstating all benefits for the
period from August 26, 2011 to September 30, 2013, and as modified the
determination is confirmed without costs in accordance with the
following memorandum:  In August 2011, petitioner, a firefighter
employed by the City of Syracuse (City), was removed from active duty
because of an on-the-job hypoglycemic incident caused by his diabetes.
Although petitioner, his union, and the City's Fire Department
subsequently engaged in negotiations regarding petitioner's status,
petitioner was not formally notified that he had been placed on an
immediate involuntary leave of absence pursuant to Civil Service Law
§ 72 (5) until April 2012.  Petitioner opposed the decision and timely
requested a hearing on the matter.  Following a further delay during
which time petitioner received his final paycheck, the Hearing Officer

determined that petitioner was properly placed on immediate involuntary leave, but additionally determined that petitioner should be allowed to return to work, and granted him some remedial relief. In September 2013, respondent Paul Linnertz, the City's Fire Department Chief, reviewed the Hearing Officer's determination and agreed with the City that petitioner should remain on involuntary leave, with no remedial relief. Petitioner appealed that determination to respondent Peter Troiano, Commissioner of the Department of Personnel for Onondaga County, who affirmed it. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul the determination that he was unfit for active duty as a firefighter because of his inability to manage his diabetic symptoms. Supreme Court transferred the matter to this Court pursuant to CPLR 7804 (g).

We agree with petitioner that respondents did not strictly comply with the procedural requirements of the Civil Service Law. We conclude that the procedural protections contained in Civil Service Law § 72 (1) apply to proceedings brought pursuant Civil Service Law § 72 (5) based on the language in subdivision (1) that the provisions of notice and hearing therein apply to employees "placed on leave of absence pursuant to this *section*" (emphasis added), "which includes Civil Service Law § 72 (5)" (*Matter of Smith v New York State Dept. of Labor*, 191 Misc 2d 195, 197, *appeal dismissed as moot* 306 AD2d 745; *see generally Matter of Petix v New York State Off. of Mental Health*, 291 AD2d 846, 846). These procedures are necessary "to afford tenured civil servant employees . . . procedural protections prior to involuntary separation from service" (*Matter of Sheeran v New York State Dept. of Transp.*, 18 NY3d 61, 65). "Because of the significant due process implications of the statute, strict compliance with its procedures is required" (*Matter of Breen v Gunn*, 137 AD2d 685, 685). Here, it is undisputed that respondents did not strictly comply with the procedures pursuant to section 72 for placing petitioner on immediate involuntary leave inasmuch as it was not until April 2012 that petitioner was provided with "[w]ritten notice of the facts providing the basis for the judgment of the appointing authority that [petitioner was] not fit to perform the duties of" his position (§ 72 [1]). Although the parties had engaged in negotiations during the period before respondents provided petitioner with written notice, respondents concede that at no time did petitioner waive his rights under section 72 (*cf. Grandi v New York City Tr. Auth.*, 977 F Supp 590, 595-596, *affd* 175 F3d 1007). Additionally, petitioner did not receive the final notice of determination within 75 days from the receipt of his request for review (*see* § 72 [1]). The absence of strict compliance with these procedural requirements renders petitioner's alleged leave a nullity prior to September 30, 2013, when Linnertz issued his final determination after reviewing the Hearing Officer's decision (*see Matter of Briggs v Scoralick*, 147 AD2d 694, 695; *Breen*, 137 AD2d at 685), and petitioner is entitled to back pay and the restoration of benefits from August 26, 2011 until September 30, 2013. We therefore modify the determination accordingly.

We nevertheless conclude that the determination that petitioner was unfit for active duty is supported by substantial evidence (*see*

*generally Matter of Ridge Rd. Fire Dist. v Schiano*, 16 NY3d 494, 499; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-181). Based on the evidence introduced at the fact-finding hearing, we conclude that the "inference is reasonable and plausible" that petitioner was rendered unfit to serve as an active duty firefighter because of his inability to manage his diabetic symptoms (*Ridge Rd. Fire Dist.*, 16 NY3d at 499 [internal quotation marks omitted]). Although petitioner introduced some evidence to the contrary, we are mindful that, under the substantial evidence standard, the courts "may not weigh the evidence or reject the conclusion of the administrative agency where the evidence is conflicting and room for choice exists" (*Matter of Café La China Corp. v New York State Liq. Auth.*, 43 AD3d 280, 280). However, inasmuch as respondents violated lawful procedure after initially determining that petitioner was unfit for active duty in August 2011, we conclude that petitioner is entitled to a hearing, should he request one, to determine his current fitness to be reinstated, provided that his application for reinstatement is made within one year of our decision herein. Although petitioner is not within the one-year time period for seeking reinstatement (*see* Civil Service Law § 72 [2], [3]), respondents are estopped from asserting that petitioner is time-barred from seeking such relief because the delay was caused by their failure to comply with the procedures (*see generally Matter of Steyer*, 70 NY2d 990, 992-993).

In view of our determination, we do not address petitioner's remaining contentions.

Entered: June 19, 2015                                     Frances E. Cafarell
                                                          Clerk of the Court